IN THE UNITED STATES

Court of Appeals

ELEVENTH CIRCUIT

William S Walker
Petitioner

vs                                    Case No 406 Cv20 (CDL)

Carl Humphrey
Warden

— — — — — — — —

## Appeal To Eleventh Circuit

Petitioner has only one enumeration of error, for the Court to look at. Petitioner ask the Court for a Fair and balanced look Into Petitioner claim and History of Claim.

ERROR #1, Petitioner was denied effective Assistance of Counsel by Attorney on Appeal. Violating 6th Amendment Rights.

1.

# INDEX

A  INEFFective on APPeAL  _ _ _ _ _ _ _ _ Page 2.

B  FACTS and Support _ _ _ _ _ _ _ _ Page 5

LegAL BreAF with CAse hAw _ _ _ _ _ _ _ Page 11

Con ClusIon _ _ _ _ _ _ _ _ _ _ _ _ _ _ Page 13

1.A

A. Ineffective on Appeal

While MR Garner was representing petitioner on Appeal, petitioner wrote many letters telling MR Garner of cases he found to use on his appeal to support the Armed Robbery issue.

One such case was Young vs Zant 506 F Supp 274 which was oft most exactly like petitioners case, which was reversed.

Young vs Zant, The district Courts finds, turn not on the Notion that Armed Robbery Cannot legally occur subsequent to the incapacitation or death of victim Rather the decision turns on the district Courts Conclusion That there was No Evidence that Murder was Committed IN the Course of armed Robbery or for the purpose of obtaining Money, because the intent to rob and the

2.

purpose to obtain Money were after thoughts and NoN Existent until after the Murder was entirely Completed.

Same In petitioners case except Petitioner was acquitted of Murder, Felony Murder but Convicted of Armed robbery, Manslaughter and theft by taking. Petitioner's Felony Murder and armed robbery merged to be acquitted of Felony Murder (Murder During Armed Robbery). Petitioner Should of been acquitted of both, Armed Robbery was the underlying felony. Plus Petitioner was given Life for armed robbery for Car keys and ATM Card and 20 years for theft of auto, when by law they are the same theft.

But still Mr Garner refused to attack Armed robbery ground, only later after petitioner filed An Habeas Corpus against MR Garner, then and only

does MR Garner go back and look and see that Petitioners claim indeed have Merit.

IN Evitts vs Lucey 469 US 387, the due process Clause of the 14th Amendment guarantees a criminal defendant The effective Assistance of Counsel on his first appeal.

a) Nominal representation on appeal as of right, like nominal representation at trial, does not suffice to render the proceedings Constitutionally adequate, a partys whose Counsel is unable to provide effective repensentation is in no better position than one who has no Counsel at all.

Also the Courts have held that attorneys leave out issues that are plainly Meritorious then they are deficient.

Cargle vs Mullin 317 F3d 1196 (2003
   The Court held if omitted issue on appeal is

4.

So plainly meritorious that it would have been unreasonable to winnow it out; it's omission may directly establish a deficient performance.

### FACTS: B

During the Petitioners Habeas Corpus Hearing when questioned by the Judge, MR Garner told the Court that Petitioner had a good complaint against him for ineffective assistance of Counsel...

H.b Trans 43: 7-14 Vol 2

A Garner: My problem with this case is I think that Mr Walker does have a good complaint against me for ineffective assistance of Counsel, and that is because I made only one enumeration of error in his appeal. MR Garner only filed one enumeration of error on Petitioners appeal, which was a weak character issue.

5

Petitioner undertook and researched cases himself and wrote Mr Garner 30 to 40 letters telling him he wanted the armed robbery added to the appeal. But still he would not, even after Petitioner showed him cases that supported the ground.

H.B Trans, 44:1-5 Vol, 2

A. Garner
 And Mr Walker who undertook to research his own case, wrote me alot of letters -- about 30 or 40 letters -- Telling ME that he wanted to appeal on the other ground.

After the habeas Petition is filed against Mr Garner, He then goes back and looks threw all the letters and See's Maybe he was wrong and in hindsight he beleaved he should of appealed on both grounds.

Hb Trans, 45:23 - 46:1-4 Vol 2

A Garner: And in Hind sight, I beleave I should of appealed on both grounds.

6.

It was his case, The grounds that he wanted to appeal on Does have some Merit. And I have seen a couple of cases that happened in the interval that - that May indicate that there was more Merit to it than I Thought.)

MR Garner also stated that apparently there was case Law to back up my Contention on armed robbery and he was wrong for not following up on them.

<u>Hb Trans</u>, 48: 14-20 Vol 2

<u>A Garner</u>: But I should have put that other Issue in that appeal and at least laid that to rest. And we May not have Succeeded on it, but to the extent there's any Case law that Supports that Point -- and apparently, there is Some -- I was remiss in doing that.

On Cross examine from the attorney General again MR Garner said there was No-direct evidence.

7.

against Petitioner for the armed robbery, he even asked for a direct verdict on the armed robbery, which he realy fought hard to the jury, even at motion for new trial.

Hb Trans 52:6-25 Vol, 2

ATT Gen Q: Okay let me try to rephase it, In your preparation for- for Trial, What evidence did you discover to support a charge of armed robbery, If you found any?

A Garner: Well, there was no direct evidence to support a charge of armed Robbery. That - that WAS the thing. There were no witnesses except MR prophet and MR Walker and Mr prophet was Dead. So that made MR Walker the only witness as to what happened. and that - thats exactly my point, that the burden is on the state. You just can't say, you know, this defendant has told us he got in a fight and killed MR prophet and then after

8

the fight was over, then he developed a plan to leave town and then he decided to take the automobile and the ATM card. Thats MR Walkers story and there really Is no evidence to Contradict that. And thats what We were you know hammering or trying to hammer home to the Jury.

Hb Trans 53:1-5 Vol 2

ATT Gen Q: And infact you had Made the Motion for a directed Verdict on that - on that Charge?

Garner A: We did - we did Make that Motion for Directed Verdict, and We-we did really go into the Motion for New Trial.

And again when questioned by the Court MR Garner admitted he WAS wrong and he WAS ineffective.

H.B Trans 54:17-20 Vol 2

GArner A: and thats what im Saying May have been the

9.

Mistake on my part. I should not have abandoned that, especially with him telling me this is what I want to appeal on.

<u>Hb Trans 57:12-18 Vol 2</u>

<u>Garner A</u>: He had ineffective assistance of Counsel at appeals Stage. So it seems to me what he's been deprived of or the prejudice to him has been that in his appeal he did not get the grounds that he wanted appealed put in his appeal.

<u>Hb Trans, 58:9-14 Vol 2</u>

<u>Garner A</u>: I think he had a right just like a right to plead guilty or not guilty, like a right to go to trial, like the right for him to testify or not testify -- I think he realy had a right to put in his appeal what he thought was a good ground.

10.

## Legal Breaf with Case Law

"A Defendant has satisfied the prejudice prong of Strickland when he can show that the appellates Counsel performance was deficient to deprive the defendant of a trial (or appeal) whose result was reliable."

In the Context of an ineffective Assistance on appeal Claim Cross vs US 893 F2d 1287 (11th Cir 1990). Held that in order to determine prejudice the Court Must first perform "a review of the Merits of the (omitted or poorly presented) Claim. <u>ID at 1290</u>. Petitioner Walker submits that the omitted issue in his petition, Armed robbery had Merit.

If the Court finds that the neglected Claim would have a reasonable probability of Sucess on appeal, then according to <u>Cross</u> it is necessary to find

11.

"appellate Counsels performance pre Judicial because it affected the outcome of the appeal." With the legal Standard for prejudice in Mind petitioner Claims that his appellate Counsel Would have been Successful if he had raised the claim. Petitioner tried, with Several attempts to get Counsel to raise the omitted ground.

By Counsels on admissions He stated during petitioners Habeas Corpus Hearing, he WAS Indeed ineffective on appeal.

To feel So strongly During Trial, As to Ask for a directed Verdict on the armed robbery charge All the Way up to the Motion for a new Trial where he argued Strongly. And then Just drop it on Direct appeal Makes No logical Sense, Thats like running a football to the One yard line and Throwing it down on purpose (Makes No logical sense.)

12.

## Conclusion

MR Garner was ineffective by standard of law And he prejudiced ME and by him doing so it Violated My rights.

I Dont ask to be let out of prison If the Armed robbery charge is removed, I still have a 20 year Sentence for Manslaughter and Theft of Auto.

All I pray for Is the Courts to See that I did not plot, plan or Carry out a Intentional Armed robbery.

I Beg the Courts to remove the armed robbery Conviction.

Respectfully

William > Walker 10-10-06
uno 816513
3620 Harris Rd
Waycross GA 31501-0311

13.